**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4662**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERNELL LUCAS, a/k/a T.L., a/k/a Moon,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:16-cr-00484-DKC-23)

Submitted: August 29, 2019

Decided:  September 23, 2019

Before GREGORY, Chief Judge, and WILKINSON and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry D. McKnett, LAW OFFICE OF HARRY D. MCKNETT, LLC, Columbia, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Leo J. Wise, Assistant United States Attorney, Daniel C. Gardner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ternell Lucas was convicted by a jury of violating the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) (2012), and of conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. §§ 841, 846 (2012). On appeal, Lucas challenges the district court's denial of his motion to dismiss Count One of the original indictment, which charged Lucas and his codefendants with conspiracy to violate RICO, in violation of 18 U.S.C. § 1962(d) (2012). We affirm.

Lucas and his codefendants' motion to dismiss Count One of the original indictment alleged that the indictment failed to adequately list the elements of the conspiracy charge. After the district court denied the motion, the Government returned a superseding indictment charging Lucas with a substantive violation of RICO. Although Lucas was informed by the court of the need to file "any pretrial motions" related to the superseding indictment, "including those attacking new charges," Lucas did not challenge the sufficiency of the superseding indictment. Because Lucas failed to preserve the issue, our review is for plain error. *United States v. Davis*, 855 F.3d 587, 595 (4th Cir. 2017).

To establish plain error, Lucas must demonstrate that (1) the district court committed an error; (2) the error was plain; (3) the error affected his substantial rights; and (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An error is plain if it is "clear or obvious" under "the settled law of the Supreme Court or this circuit . . . at the time of appellate consideration." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). In the ordinary case, an error affects a defendant's substantial rights only if the defendant shows

2

that "it affected the outcome of the district court proceedings." *United States v. Stone*, 866 F.3d 219, 225 (4th Cir. 2017) (internal quotation marks omitted).

"To satisfy the Fifth and Sixth Amendments, an indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the same offense." *United States v. Blankenship*, 846 F.3d 663, 668 (4th Cir. 2017) (alteration and internal quotation marks omitted). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014) (alteration and internal quotation marks omitted). To the extent an indictment relies on a "general description based on the statutory language," the indictment also should include "a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* (alteration and internal quotation marks omitted).

It is unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). The superseding indictment charged that Lucas and his codefendants

> together with others known and unknown to the [g]rand [j]ury, being persons employed by and associated with . . . an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, unlawfully and

3

> knowingly conducted and participated, directly and indirectly, in the conduct
> of the affairs of that enterprise through a pattern of racketeering activity.

Thus, the indictment "set forth the offense in the words of the statute itself," which is generally sufficient. *Perry*, 757 F.3d at 171. The indictment further enumerated nineteen distinct alleged racketeering acts sufficient to "inform the accused of the specific offense" alleged by the "general description [of] the statutory language." *Id.* (alteration and internal quotation marks omitted). Accordingly, the district court did not plainly err by not dismissing the superseding indictment. We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4